# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| OSVALDO ROJAS, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:19-CV-1712-B-BK |
| | § | |
| MEGAMEX FOODS, LLC/DON MIGUEL | § | |
| FOODS, | § | |
| DEFENDANT. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Standing Order of Reference*, Doc. 25, this case has been referred to the undersigned United States magistrate judge for pretrial management. The Court now considers Defendant's *Motion to Dismiss and Brief in Support*, Doc. 18. As detailed here, Defendant's motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff alleges in his *pro se* Complaint that while working as a shift production manager for MegaMex Foods, LLC/Don Miguel Foods ("Defendant"),[1] his brother was kidnapped and held for ransom in Mexico and he therefore had to take time off from work. Doc. 3 at 4. Plaintiff took less than one week off from work and he remained in contact with Defendant via text messages. Doc. 3 at 4. At the time, Plaintiff had accumulated 32 hours of paid time off and had no previous disciplinary history with Defendant. Doc. 3 at 4. Defendant, however, suspended Plaintiff's employment on May 31, 2016, and fired him on June 3, 2016, asserting

---

[1] Defendant avers that its correct name is MegaMex Foods, LLC. Doc. 18 at 6.

that Plaintiff's brother had not been kidnapped and Plaintiff instead went to Mexico on vacation.
Doc. 3 at 4.

On March 24, 2017, Plaintiff filed a charge of discrimination with the Equal Employment
Opportunity Commission ("EEOC"). Doc. 3 at 2. In the charge, Plaintiff asserted that he was
terminated for being "Cuban and non-Mexican." Doc. 3 at 24. Plaintiff also checked the "race,"
"national origin," and "Texas Labor Code" boxes in the charge. Doc. 3 at 24. The EEOC issued
Plaintiff a right to sue letter on April 26, 2019, Doc. 3 at 22, and he timely filed the instant suit
on July 17, 2019.

In his Complaint, Plaintiff alleges that he was terminated because he is a "US Citizen and
non-Mexican," as Defendant "regularly allowed Mexican employees to take time off and leave
from work without requesting it or calling in advance . . . in emergency leave due to their
migratory status in [sic] USA . . . ." Doc. 3 at 4-5. Plaintiff asserts claims for race and national
origin employment discrimination under state and federal law, hostile work environment,
retaliation, civil rights violations under 42 U.S.C. §1981 (asserted through 42 U.S.C. § 1983),
and defamation, Doc. 3 at 1-2, 5, and seeks money damages and injunctive relief, Doc. 3 at 14,
20-21.

## II.  APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does
not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-
pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina
Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations
omitted). However, the court cannot "accept as true conclusory allegations or unwarranted

deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted).  In sum, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

## III.   PARTIES' ARGUMENTS AND ANALYSIS

### A.  Plaintiff's Title VII Discrimination Claims

Defendant argues that dismissal of Plaintiff's employment discrimination claims is proper because Plaintiff has not pled the necessary facts to establish all of the elements of a prima facie claim of discrimination under Title VII. Doc. 18 at 12.  Defendant specifically argues that Plaintiff fails to allege he is a member within a protected class, as he does not identify his own race in the Complaint. Doc. 18 at 12.  Defendant further argues that Plaintiff does not actually allege a national origin discrimination claim because Plaintiff argues he was discriminated against based on his citizenship. Doc. 18 at 13.  In response, Plaintiff avers that he is not required to plead a prima facie case of discrimination to survive a motion to dismiss. Doc. 23 at 12.

To state a claim for discrimination under Title VII, Plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class or treated less favorably than other similarly situated employees. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

Even though Plaintiff claimed in his EEOC charge that he was terminated for being "Cuban and non-Mexican," Doc. 3 at 24, he makes no such allegation in his Complaint.  Indeed,

the Complaint fails to identify Plaintiff's race or national origin. *See* Doc. 3 at 1-21. Moreover, Plaintiff's allegations make clear that his claim of discrimination is premised on his United States citizenship, rather than on the basis of race or national origin. Doc. 3 at 5 ("the real reason for my termination is discrimination because I am a US Citizen and non-Mexican."); *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973) ("[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came."). Plaintiff therefore fails to adequately plead a Title VII discrimination claim. *See Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 89, 95 (1973) ("nothing in [Title VII] makes it illegal to discriminate on the basis of citizenship or alienage."), *superseded by statute on other grounds as stated in Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 431 (4th Cir. 2018). Plaintiff's hostile work environment claim, which also requires membership in a protected class, should also be dismissed for identical reasons. Doc. 3 at 1; *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citation omitted).

While Plaintiff correctly notes that he is not required to make out a prima facie case at the pleading stage, he must allege each element of his discrimination claims to survive a motion to dismiss under Rule 12(b)(6). *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Because Plaintiff has failed to do so, his race and national origin employment discrimination claims under Title VII should be dismissed for failure to state a claim.

**B. Plaintiff's Retaliation Claim**

The Complaint also alleges that Defendant retaliated against Plaintiff for complaining about discrimination. Doc. 3 at 1-2. Defendant correctly notes that Plaintiff failed to check the retaliation box on his EEOC charge. Doc. 18 at 15 n.3 (citing Doc. 3 at 24). To the extent Plaintiff asserts a retaliation claim under Title VII, that claim should be dismissed because the

4

EEOC charge did not mention the word retaliation or assert any retaliatory-type conduct. *See Wooten v. Fed. Exp. Corp.*, No. 3:04-CV-1196-D, 2007 WL 63609, at *8 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.) (concluding plaintiff failed to exhaust retaliation claim when plaintiff did not check the retaliation box or complain of retaliation in EEOC charge) (citing *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006)). Accordingly, Plaintiff's retaliation claim likewise should be dismissed for failure to exhaust administrative remedies.

## C. Plaintiff's Section 1981 Claims

Plaintiff also asserts section 1981 claims against Defendant for race discrimination and retaliation. Doc. 3 at 1. However, Plaintiff does not contest the dismissal of this claim in his response. Doc. 23 *passim*. Accordingly, Plaintiff section 1981 claims are deemed abandoned and should be dismissed. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

## D. Plaintiff's State Law Discrimination Claims

Defendant argues that Plaintiff's claims under chapter 21 of the Texas Commission on Human Rights Act ("TCHRA") should be dismissed because Plaintiff failed to: (1) exhaust his administrative remedies; and (2) file suit within the two-year statute of limitations. Doc. 18 at 9. In response, Plaintiff alleges that he timely filed this suit within 90 days of receiving a right to sue notice. Doc. 23 at 10. The Court finds Defendant's statute of limitations argument dispositive and therefore need not address the failure to exhaust argument.

In states such as Texas, which provide a state administrative mechanism to address claims of employment discrimination, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after the discriminatory conduct alleged. *See* 42 U.S.C. § 2000e-5(e)(1); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994). However, a complainant does not have to wait for a right-to-sue letter from the Texas Workforce

Commission before filing suit.  *Vielma v. Eureka Co.*, 218 F.3d 458, 463 (5th Cir. 2000) (citing

TEX. LAB. CODE § 21.256).  In fact, "[w]hether [he] receives a letter or not, the complainant

must institute [his] state suit within two years of filing the administrative complaint."  *Id.*

Plaintiff's state law claims are untimely because he filed this suit on July 17, 2019—more

than two years after filing the EEOC charge on March 24, 2017.  TEX. LAB. CODE § 21.256;

Doc. 3 at 2.  It is immaterial that Plaintiff filed suit within 90 days of receiving a right to sue

letter.  *Vielma*, 218 F.3d at 463; *see* Doc. 3 at 22 (right to sue letter dated April 26, 2019).

Accordingly, Plaintiff's discrimination claims under chapter 21 of the TCHRA should be

dismissed for failing to timely file suit.

**E.  Plaintiff's Defamation Claim**

Finally, Plaintiff alleges that Defendant defamed him because Defendant accused him of

going to Mexico for vacation rather than, as Plaintiff claimed, because his brother was kidnaped.

Doc. 3 at 16.  Plaintiff contends that because of Defendant's conduct, he "can't find a new job

with this wrong allegation [as] nobody will trust him in anyway."  Doc. 3 at 16.  Defendant avers

that Plaintiff fails to plead that Defendant published any statement to a third party.  Doc. 18 at

17.  This Court agrees.

Under Texas law, a defamation claim requires the plaintiff to prove that the defendant

"(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting

with . . . negligence, if the plaintiff was a private individual, regarding the truth of the

statement."  *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998).  A statement is

published if it is communicated to a "third person who is capable of understanding its

defamatory meaning and in such a way that the person did understand its defamatory meaning."

*Thomas-Smith v. Mackin,* 238 S.W.3d 503, 507 (Tex.App.—Houston [14th Dist.] 2007).

Here, Plaintiff fails to allege that Defendant communicated the allegedly defamatory statement to a third party and, therefore, Plaintiff has not stated a claim that he is entitled to relief on his defamation claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, Plaintiff's defamation claim should be dismissed.

## F.  Leave to Amend

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir. 2000).  *See also Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("Generally, … a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," unless he has already pled "his best case.").

Plaintiff's retaliation, section 1981, and discrimination claims under chapter 21 of the TCHRA should be dismissed with prejudice because they are fatally infirm—for failure to exhaust administrative remedies, abandonment, and timeliness—and leave to amend would be futile and cause needless delay.  *See Lofton v. Hawkins*, No. 3:19-CV-1231-N-BK, 2019 WL 7762202, at *3 (N.D. Tex. Dec. 17, 2019) (Toliver, J.) *adopted by* 2020 WL 470282 (N.D. Tex. Jan. 28, 2020) (Godbey, J.) (dismissal with prejudice appropriate where granting leave to amend would be futile and cause unnecessary delay).

However, it is not clear that Plaintiff cannot cure the defects noted herein as to his federal national origin employment discrimination, federal hostile work environment, and state law defamation claims.  Moreover, Plaintiff is proceeding without the assistance of counsel and has not previously amended his complaint.  Thus, Plaintiff should be given the opportunity to cure the defects in his pleading if possible.  *See Butler v. City of Dallas*, No. 3:14-CV-1991-B-BK,

7

2015 WL 8467029, at *10 (N.D. Tex. Nov. 4, 2015) (Toliver, J.) (granting plaintiff 14 days from the date of the magistrate judge's report and recommendation to file an amended complaint curing pleading defects), *adopted by* 2015 WL 8320053 (N.D. Tex. Dec. 9, 2015) (Boyle, J.).

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss and Brief in Support*, Doc. 18, should be **GRANTED.**  Plaintiff's retaliation, section 1981, and discrimination claims under chapter 21 of the TCHRA should be **DISMISSED WITH PREJUDICE**.  Plaintiff is granted **14 days from the date of this Recommendation** to amend his federal claims of national origin employment discrimination and hostile work environment and state defamation claim to cure the deficiencies noted herein.  Should Plaintiff fail to do so, those claims should also be **DISMISSED WITH PREJUDICE**, *sua sponte* or upon timely re-urging by Defendant.

SO **RECOMMENDED** on June 4, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).