IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSVALDO ROJAS, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:19-CV-1712-B-BK |
| | § | |
| MEGAMEX FOODS, LLC/DON MIGUEL | § | |
| FOODS, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Standing Order of Reference*, Doc. 25, this case was referred to the United States magistrate judge for pretrial management. The Court now considers Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support*, Doc. 41. Upon review, Defendant's motion should be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff alleges in his *pro se* first amended complaint, Doc. 38, that while working as a shift production manager for MegaMex Foods, LLC/Don Miguel Foods ("Defendant"),[1] his brother was kidnapped and held for ransom in Mexico, and Plaintiff had to take time off from work to travel to Mexico and pay the ransom. Doc. 38 at 5. Plaintiff took less than one week off work and remained in contact with Defendant via text messages every day he was absent. Doc. 38 at 5. At the time, Plaintiff had accumulated 32 hours of paid time off and had no previous disciplinary history with Defendant. Doc. 38 at 4, 5. Despite the continuous communication and the available paid time off, Defendant suspended Plaintiff's employment on May 31, 2016, and fired him on June 3, 2016. Doc. 38 at 5. Defendant asserted it fired Plaintiff because Plaintiff's

---

[1] Defendant avers that its correct name is MegaMex Foods, LLC. Doc. 18 at 6.

brother had not been kidnapped and Plaintiff instead went to Mexico on vacation.  Doc. 38 at 5.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") prior to

filing this suit and asserted Defendant discriminated against him.  Doc. 38 at 3.  Upon Plaintiff's

receipt of a Right to Sue notice, this suit followed.

In his amended complaint, Plaintiff alleges he was discriminated against and terminated

because of his Cuban national origin.  Doc. 38 at 6.  Plaintiff alleges Defendant "treated similarly

situated Mexican individuals more favorably" than it treated Plaintiff and "regularly allowed

Mexican employees to take time off and leave from work without requesting it or calling in

advance . . . ."  Doc. 38 at 4.  Plaintiff asserts claims for national origin discrimination, hostile

work environment, and defamation by libel and by slander.  Doc. 38 at 6-9.  He seeks punitive,

compensatory, and exemplary damages, and attorney fees.  Doc. 38 at 10.

Relevant to this recommendation, this is not the first motion to dismiss filed by

Defendant in this suit.  The Court granted Defendant's first *Motion to Dismiss and Brief in*

*Support*, Doc. 18, on June 30, 2020.  Doc. 35.  That order dismissed with prejudice Plaintiff's

claims of retaliation under Title VII, 42 U.S.C. § 1981 violations, and discrimination under

Texas state law.  *Id.*  Plaintiff's claims for national origin discrimination and hostile work

environment under Title VII and defamation were dismissed without prejudice, and Plaintiff was

given an opportunity to amend his complaint as to those claims.  *Id.*  Plaintiff's first amended

complaint[2], Doc. 38, and Defendant's instant *Motion to Dismiss Plaintiff's First Amended*

*Complaint and Brief in Support*, Doc. 41, followed.

## II.  APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does

not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[2] In his amended petition, Plaintiff reasserted a § 1981 claim, Doc. 38 at 6, that the Court
previously dismissed with prejudice.  Doc. 29 at 5, Doc. 35.  Further, the Court did not grant
leave to amend the reasserted claim, which contains the same allegations as the original.  Thus,
Plaintiff's reasserted § 1981 is not considered here.

*Twombly*, 550 U.S. 544, 570 (2007). Thus, an implausible claim may be dismissed. *Id.* In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotation marks omitted). To survive a motion to dismiss, plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

### III. PARTIES' ARGUMENTS AND ANALYSIS

**A. Title VII Discrimination Claim: National Origin**

Plaintiff alleges Defendant violated Title VII by firing him because he was Cuban, thereby discriminating against him on the basis of national origin. Doc. 38 at 6. Defendant argues Plaintiff's Title VII claim should be dismissed because Plaintiff failed to plead facts that can establish the essential elements of the claim. Doc. 41 at 10. Defendant specifically argues that Plaintiff failed to allege sufficient facts to support his allegation that Defendant suspended or discharged him because he is Cuban, and he failed to identify similarly situated non-Cuban employees who were treated more favorably. Doc. 41 at 11-14.

While Plaintiff correctly notes that he is not required to make a prima facie case at the pleading stage, Doc. 43 at 7, he is required allege facts supporting each element of his Title VII discrimination claim to survive a motion to dismiss under Rule 12(b)(6). *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). To state a claim for national origin discrimination under Title VII, Plaintiff must plausibly plead two ultimate elements: (1) that he suffered an adverse employment action; and (2) the adverse action was because of Plaintiff's protected status. *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Liberally

construing Plaintiff's *pro se* complaint, he has met that pleading standard.  *See* Doc. 38 at 4-7 (Plaintiff alleged he is a member of a protected class, Cuban nationality, that he suffered an adverse action by being terminated, and that the adverse action was because he was Cuban, as shown by Defendant's Mexican employees who took similar actions as Plaintiff but were not terminated); *see also Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987) (*pro se* complaints must be held to a less rigorous standard than pleadings prepared by lawyers).  Defendant's motion to dismiss Plaintiff's Title VII national origin discrimination claim should be denied.

**B. Title VII Discrimination Claim: Hostile Work Environment**

Count two of Plaintiff's complaint alleges that he was subject to a hostile work environment under Title VII.  Doc. 38 at 7-8.  Defendant argues, *inter alia*, that this claim should be dismissed because Plaintiff failed to exhaust his administrative remedies insofar as his EEOC claim does not reference a hostile work environment.  Doc. 41 at 14-15.  Plaintiff did not address this argument, thereby abandoning his claim.  *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff's failure to defend a claim in response to a motion to dismiss "constituted abandonment" of the claim) (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir.2001)).

That notwithstanding, a plaintiff is not required to check a specific box or say certain magic words to exhaust his administrative remedies before the EEOC.  *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006).  However, a plaintiff must allege sufficient information in his EEOC charge to reasonably expect to trigger an investigation into the claimed conduct.  *Id.*

Here, Plaintiff makes no reference to a hostile work environment in his EEOC charge. Doc. 3 at 24 (EEOC charge stating that Defendant "discriminat[ed] against me because of my race and national origin.").  His complaint only states that he filed a charge of discrimination with EEOC "concerning unlawful employment practices."  Doc. 38 at 4.  That is not enough to exhaust administrative remedies as to his hostile work environment claim.  *Pacheco*, 448 F.3d at

4

792. Thus, Plaintiff's Title VII discrimination claim for a hostile work environment should be dismissed.

**C. Defamation Claim**

Counts three and four of Plaintiff's complaint allege that Defendant libeled and slandered him by publishing false statements about Plaintiff to Defendant's other employees; specifically, that Plaintiff (1) went to Mexico for a vacation, not because his brother was kidnapped; (2) lied about the reason for his trip to Mexico; and (3) did not communicate with Defendant while in Mexico. Doc. 38 at 10. Defendant argues Plaintiff has failed to allege the essential elements of a defamation claim because he has not supported his conclusory contentions with enough facts to raise the claims from possible to plausible. Doc. 41 at 18.

Under Texas law, a defamation claim requires the plaintiff to prove that the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with . . . negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). A statement is published if it is communicated to a "third person who is capable of understanding its defamatory meaning and in such a way that the person did understand its defamatory meaning." *Thomas-Smith v. Mackin*, 238 S.W.3d 503, 507 (Tex.App.—Houston [14th Dist.] 2007).

Here, Plaintiff alleges that his supervisor, Eduardo Lara, made false statements about why Plaintiff was fired to Plaintiff's fellow employees. Doc. 38 at 5. Plaintiff also states he has evidence in the form of texts, newspapers, emails, tapes, and witnesses that show Defendant defamed him. Doc. 38 at 9. These facts meet the pleading standard. *See McLemore*, 978 S.W.2d at 571. Thus, Defendant's motion to dismiss Plaintiff's defamation claims should be denied.

5

**D. Leave to Amend**

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir. 2000). Here, Plaintiff's Title VII claim for hostile work environment should be dismissed with prejudice. Plaintiff has been given a previous opportunity to amend, nonetheless the claim is fatally infirm. Under these circumstances, granting further leave to amend would be futile and cause needless delay. *See Lofton v. Hawkins*, No. 3:19-CV-1231-N-BK, 2019 WL 7762202, at *3 (N.D. Tex. Dec. 17, 2019) (Toliver, J.) *adopted by* 2020 WL 470282 (N.D. Tex. Jan. 28, 2020) (Godbey, J.) (dismissal with prejudice appropriate where granting leave to amend would be futile and cause unnecessary delay).

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support*, Doc. 41, should be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Title VII claim for hostile work environment should be **DISMISSED WITH PREJUDICE**. Defendant's motion to dismiss Plaintiff's claims for Title VII national origin discrimination and for defamation should be **DENIED**, thus, leaving said claims as the only remaining causes of action in this case.

**SO RECOMMENDED** on February 2, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).